SUTTON SACHS MEYER

SUTTON SACHS MEYER PLLC
125 Park Avenue, 25th Floor, New York, NY 10017
tel: (212) 480-4350 | fax: (212) 480-4351 | www.ssm.law

# EXHIBIT A

## Offer Letter, Amazon.com Services LLC to Plaintiff, May 6, 2024

Offer of the position of Principal PM, Technical, Recommendation Experience, located in JFK19, New York, at a salary of $230,000.00, with sign-on payments of $297,000.00 and $225,500.00 and a Start Date of June 10, 2024. DOE_001 to DOE_013.

amazon
P.O. BOX 81226, SEATTLE, WA, 98108-1226

5/6/2024

[redacted]
United States

Dear [redacted]

On behalf of Amazon.com Services LLC (the "Company"), I am very pleased to offer you the position of Principal PM, Technical, Recommendation Experience , located in JFK19, New York, NY. This letter clarifies and confirms the terms of your employment with the Company.

**Start Date and Salary**

Unless we mutually agree otherwise in writing, you will commence employment on June 10, 2024 ("Start Date"). Your salary will be $230,000.00 annualized, payable in accordance with the Company's standard payroll practice and subject to applicable withholding taxes. Because your position is exempt from overtime pay, your salary will compensate you for all hours worked. You will receive your full salary in any workweek that you perform work subject to limited deductions permitted by law as applicable to your status as a salaried exempt employee. Your salary will be reviewed in accordance with internal performance reviews systems, details of which are set out in the Company's Policies and Procedures.

**Signing Payment**

In appreciation of your decision to join us, you will be eligible for a sign-on payment of $297,000.00. This sign-on payment will be issued in prorated pay period installments as you complete your first year of employment with the Company. Each installment will be earned at the time of payment. If your employment with the Company is terminated for any reason prior to the first anniversary of your Start Date, you will receive one final prorated installment based on the days worked in your final pay period. No additional installments will be paid.

If you are employed with the Company after the one-year anniversary of your Start Date, you will be eligible for a second sign-on payment of $225,500.00. This sign-on payment will be issued in prorated pay period installments as you complete your second year of employment with the Company. Each installment will be earned at the time of payment. If your employment with the Company is terminated for any reason prior to the second anniversary of your Start Date, you will receive one final prorated installment based on the days worked in your final pay period. No additional installments will be paid.


DOE_001

Sign-on payments are payable in accordance with the Company's standard payroll practice and subject to applicable withholding taxes. Leaves of absence may affect how and when a payment is earned and paid, as detailed in the Company's policies and Benefits Guide During Leave at the time leave is taken.

### Restricted Stock Unit Award

Subject to approval by the Board of Directors of Amazon.com, Inc., you will be granted a restricted stock unit award with respect to 3,230 shares of Amazon.com, Inc. common stock. This award will vest and convert into shares of common stock over four years, as follows, subject to your continued employment with the Company:

- 5% on the 15th day of the month in which you reach your first anniversary of employment,
- 15% on the 15th day of the month in which you reach your second anniversary of employment, and
- 20% every six months thereafter, until fully vested.

Your award will be documented by delivery to you of a Restricted Stock Unit Award Agreement specifying the terms and conditions of the award. You will be eligible for a restricted stock unit grant, reviewed in accordance with internal performance reviews systems, details of which are set out in the Company's Policies and Procedures.

### Benefits

During the term of your employment, you will be entitled to 401(k), health and welfare, vacation, and other benefits as may be offered by the Company from time to time, subject to eligibility and other terms and conditions stated in the governing documents. Generally you are eligible to enroll in our 401(k) and major medical plans as of the date you start employment, with access to our enrollment system about three business days after your Start Date. Please refer to the enclosed documents for more information.

### Background Check

This offer is contingent on the successful completion of a background check.

### Customer Connection

You will participate in Amazon.com's Customer Connection ("C2") Program, which keeps our senior employees in direct contact with our customers. Under this program, you will work with our customer service associates for one day during your first six months of employment and on a regular basis thereafter. You'll also work at one of our fulfillment centers for three days during your first two years of employment. Please contact your Human Resources Generalist for more information.

### Employment at Will

If you accept our offer of employment, you will be an employee-at-will, meaning that either you or the Company may terminate our relationship at any time for any reason, with or without cause.


DOE_002

Any statements to the contrary that may have been made to you, or that may be made to you, by the Company, its agents, or representatives are superseded by this offer letter.

**Confidentiality Agreement**

As a condition of and before you begin employment, you must sign the attached agreement concerning your confidentiality and other obligations to the Company during and after your employment (the "Agreement"). The Company's willingness to grant you the restricted stock unit award referred to above is based in significant part on your commitment to fulfill the obligations specified in the Agreement. Please review the Agreement carefully and, if appropriate, have your attorney review it as well. A copy of the Agreement is provided in Appendix A at the end of this document. An identical Agreement will be sent separately for your signature.

**Employment Eligibility**

To comply with immigration laws, you must provide the Company with evidence of your identity and eligibility for employment in the United States no later than three (3) business days after your date of hire. If you are in visa status, you also must provide new or renewed evidence of your eligibility for employment immediately prior to or upon expiration of your visa authorization.

**Additional Provisions**

If you accept this offer, the terms described in this letter will be the initial terms of your employment, and this letter supersedes any previous discussions or offers. Any additions to or modifications to this offer must be in writing and signed by you and an officer of the Company.

**This offer and all terms of employment stated in this letter will expire May 10, 2024.**

[redacted] we are very excited about the possibility of you joining us. I hope that you will accept this offer and look forward to a productive and mutually beneficial working relationship. Please let me know if I can answer any questions for you about any of the matters outlined in this letter.

Sincerely,

George Aspland
Sr. Manager, PM-T


DOE_003

## ACCEPTANCE

I accept employment with Amazon.com Services LLC under the terms set forth in this letter.

Signature

Date

[redacted]


DOE_004

**Appendix A**

## AMAZON.COM, INC.

## CONFIDENTIALITY, NONCOMPETITION AND INVENTION ASSIGNMENT AGREEMENT

This Confidentiality, Noncompetition, and Invention Assignment Agreement ("**Agreement**") is made by and between Amazon.com, Inc., a Delaware corporation, and [redacted]

## RECITALS

**A.** Employee enters into this Agreement in connection with Employee's acceptance of employment with Amazon.com, Inc. or its subsidiary or affiliate, and any future employment with Amazon.com, Inc. or another of its subsidiaries or affiliates (depending on the circumstances, each an "**Employer**");

**B.** As used in this Agreement, "**Amazon**" means Amazon.com, Inc. and any entity that controls, is controlled by, or is under common control with Amazon.com, Inc., including without limitation its subsidiaries and affiliates;

**C.** Employee's acceptance of this Agreement is an express condition of Employee's employment with Employer, and is made by Employee in consideration of such employment, including the compensation, benefits and confidential information provided now and in the future to Employee by Employer, which Employee acknowledges are of significant benefit to Employee; and

**D.** Employee's continued employment with Employer is expressly conditioned on Employee's good faith agreement to comply with this Agreement.

## AGREEMENTS

In consideration of the above Recitals, which are incorporated herein, the promises and covenants below, and other valuable consideration, the receipt and adequacy of which is acknowledged, the parties agree as follows:

1. **TERM.** This Agreement, including Sections 3, 4, and 5, contains obligations that apply during Employee's employment and for specified periods after the date Employee's employment ends ("**Separation Date**"), regardless of the reason for separation or whether it was voluntary or involuntary.

2. **ATTENTION AND EFFORT.** During employment, Employee will devote Employee's entire productive time, ability, attention, and effort to furthering Amazon's best interests and will not (without Amazon's prior written consent) carry on any separate professional or other gainful employment, including self- employment and contract work.


DOE_005

## 3. CONFIDENTIAL INFORMATION.

3.1 **Confidentiality and Confidential Information.** Employee will obtain, receive, or gain access to Confidential Information (as defined below) in connection with Employee's work for Amazon. During employment and at all times thereafter, Employee will hold all Confidential Information in strictest confidence and will not acquire, use, publish, disclose, or communicate any Confidential Information except as required in connection with Employee's work without the prior written approval of an authorized officer of Amazon. For purposes of this Agreement, "**Confidential Information**" means proprietary or confidential information of Amazon in whatever form, tangible or intangible, whether or not marked or otherwise designated as confidential, that is not otherwise generally known to the public, relating or pertaining to Amazon's business, projects, products, customers, suppliers, inventions, or trade secrets, including but not limited to: business and financial information; Amazon techniques, technology, practices, operations, and methods of conducting business; information technology systems and operations; algorithms, software, and other computer code; published and unpublished know-how, whether patented or unpatented; information concerning the identities of Amazon's business partners and clients or potential business partners and clients, including names, addresses, and contact information; customer information, including prices paid, buying history and habits, needs, and the methods of fulfilling those needs; supplier names, addresses, and pricing; and Amazon pricing policies, marketing strategies, research projects or developments, products, legal affairs, and future plans relating to any aspect of Amazon's present or anticipated businesses. Nothing in this Agreement prohibits Employee's communications about Employee's own or Employee's coworkers' wages, hours, working conditions, or terms of employment.

3.2 **Prevention of Unauthorized Release of Confidential Information.** Employee will take reasonable measures to prevent unauthorized persons or entities from obtaining, receiving, or gaining access to any Confidential Information in Employee's possession or control.

Nothing prohibits Employee from reporting an event that he or she reasonably believes is a legal violation to a law-enforcement agency (such as the Securities and Exchange Commission, Equal Employment Opportunity Commission, or Department of Labor), or from cooperating in an agency investigation. Employee acknowledges that he or she has received notice under the 2016 Defend Trade Secrets Act. First, that he or she will not be held criminally or civilly liable under Federal or State trade secret law for disclosing a trade secret either in confidence to a Federal, State, or Local government official or to an attorney for the purpose of reporting or investigating a suspected legal violation, or under seal in a lawsuit or other court proceeding. And, second, that an individual who



DOE_006

pursues a lawsuit for unlawful retaliation against his or her employer for reporting a suspected legal violation may disclose the trade secret to his or her attorney and use the trade secret information in the court proceeding, provided any document containing the trade secret is filed under seal and is not disclosed unless permitted by court order.

3.3 **Confidential Information of Third Parties.** Employee will preserve as confidential any information that Employee learns or obtains from a third party or relating to a third party (such as a client, customer, affiliate, partner, or vendor) that is not readily available to the public or that Amazon is obligated to treat as confidential, and Employee will treat such information as Confidential Information.

3.4 **Return of Confidential Documents.** On the Separation Date, or at any time otherwise requested by Amazon, Employee will immediately return all Confidential Information and other things belonging to Amazon, including tools, equipment, devices, or other property, and all documents, records, notebooks, and tangible articles containing or embodying any Confidential Information, including any copies (whether stored in paper, electronic, magnetic, or other form) then in Employee's possession or control, whether prepared by Employee or others.

## 4. RESTRICTIVE COVENANTS.

4.1 **Non-Competition.** During employment and for 18 months after the Separation Date, Employee will not, directly or indirectly, whether on Employee's own behalf or on behalf of any other entity (for example, as an employee, agent, partner, or consultant), engage in or support the development, manufacture, marketing, or sale of any product or service that competes or is intended to compete with any product or service sold, offered, or otherwise provided by Amazon (or intended to be sold, offered, or otherwise provided by Amazon in the future) that Employee worked on or supported, or about which Employee obtained or received Confidential Information.

4.2 **Non-Solicitation.** During employment and for 18 months after the Separation Date, Employee will not, directly or indirectly, whether on Employee's own behalf or on behalf of any other entity (for example, as an employee, agent, partner, or consultant): (a) accept or solicit business from any Customer of any product or service that Employee worked on or supported, or about which Employee obtained or received Confidential Information; or (b) encourage any Customer or Business Partner to cease doing business with Amazon or to terminate or limit an existing relationship or arrangement with Amazon. For purposes of


DOE_007

this Agreement, **"Customer"** means any individual or entity that was a customer or client of Amazon during Employee's employment, or with which Amazon engaged in discussions before the Separation Date related to the possibility that such party might become a customer or client of Amazon, and **"Business Partner"** means any individual or entity with which, before the Separation Date, Amazon was involved in any business arrangement or engaged in discussions regarding the possibility of entering into such an arrangement.

4.3 **Non-Interference.** During employment and for 12 months after the Separation Date, Employee will not, directly or indirectly, whether on Employee's own behalf or on behalf of any other entity (for example, as an employee, agent, partner, or consultant): (a) solicit or otherwise encourage any employee, contractor, or consultant of Amazon ("**Amazon Personnel**") to terminate any employment or contractual relationship with Amazon; (b) disclose information to any other individual or entity about Amazon Personnel that could be used to solicit or otherwise encourage Amazon Personnel to form new business relationships with that or another individual or entity; or (c) otherwise interfere with the performance by current or former Amazon Personnel of their obligations or responsibilities to Amazon. Nothing in this Section 4.3 restricts Employee from exercising rights protected under the National Labor Relations Act.

4.4 **Reasonableness of Restrictions.** Employee recognizes that the restrictions in this Section 4 may significantly limit Employee's future flexibility in many ways. For example, the restriction in Section 4.1 will bar Employee, for 18 months after the Separation Date, from accepting certain competitive opportunities. Employee further recognizes that the geographic areas for many of Amazon's products and services – and, by extension, the geographic areas applicable to certain restrictions in this Section 4 – are extremely broad and in many cases worldwide. Employee agrees and acknowledges that the restrictions in this Section 4 are reasonable in scope, area, and duration, and will not result in any undue hardship for Employee.

## 5. INTELLECTUAL PROPERTY.

5.1 **Copyrights.** All copyrightable works prepared by Employee within the scope of employment are works made for hire. Employer will own all rights under copyright in and to such works, and Employer will be considered the author of such works. If and to the extent that any such works are deemed not to constitute a work made for hire, and with respect to any other works that Employee prepares during working hours or using Amazon resources, Employee hereby irrevocably assigns to Employer all right, title, and interest in and to such work. To the extent any of Employee's

rights in such works, including any moral rights, are not capable of assignment under applicable law, Employee hereby irrevocably and unconditionally waives all enforcement of those rights to the maximum extent permitted under applicable law.

5.2 **Inventions.** Employee will make prompt and full written disclosure to Employer, and hereby irrevocably assigns exclusively to Employer, all of Employee's rights, title, and interest in and to any and all inventions, discoveries, designs, developments, concepts, techniques, procedures, algorithms, products, improvements, business plans, and trade secrets (collectively, "**Inventions**") that Employee solely or jointly may conceive, develop, reduce to practice, or otherwise produce during Employee's employment.

5.3 **NOTICE Regarding Inventions.** Any provision in this Agreement requiring Employee to assign rights in Inventions does not and will not apply to any Invention for which no equipment, supplies, facilities, or trade secret information of Employer was used and that was developed entirely on Employee's own time, unless (a) the Invention relates (i) directly to the business of Employer, or (ii) to Employer's actual or demonstrably anticipated research or development, or (b) the Invention results from any work performed by Employee for Employer. This **NOTICE Regarding Inventions** will be interpreted in a manner that complies with applicable state law.

5.4 **Prior Inventions.** As to any Invention in which Employee has an interest at any time, if Employee uses or incorporates such an Invention in any released or unreleased Amazon product, service, program, process, development, or work in progress, or if Employee permits Amazon so to use or incorporate such an Invention, or if such an Invention pertains to Amazon business, Employee irrevocably grants (to the extent Employee has authority to do so) a perpetual, royalty-free, fully paid up, worldwide license to exercise any and all rights with respect to such Invention, including without limitation the right to protect, make, have made, import, use, and sell that Invention without restriction and the right to sublicense those rights to others (with the right to grant further sublicenses). This license will be exclusive, subject only to any preexisting non-exclusive licenses or other pre-existing rights not subject to Employee's control.

5.5 **Assistance.** Employee will execute all documents and take all other actions reasonably requested by Amazon in order to carry out and confirm the assignments contemplated by this Agreement, including without limitation applications for patents, registered designs, certificates of authorship, and other instruments or intellectual property protections


DOE_009

appropriate to protect and enforce intellectual property rights throughout the world. If Employee fails to execute, acknowledge, verify, or deliver any such document reasonably requested by Amazon, Employee irrevocably appoints Amazon and its authorized officers and agents as Employee's agent and attorney-in-fact to act in Employee's place to execute, acknowledge, verify, and deliver any such document on Employee's behalf. Employee's obligations under this Section 5.5 apply during employment and at all times thereafter.

6. **DISCLOSURE OF RESTRICTIONS.** Employee will disclose and provide a true and correct copy of this Agreement to any prospective new employer, business partner, or investor BEFORE accepting employment or engaging in any business venture. Employee authorizes Amazon to provide a copy of this Agreement to any new or prospective employer, business partner, or investor of Employee.

7. **GENERAL PROVISIONS.**

7.1 **Third Party Beneficiaries.** All Amazon entities, including without limitation Employer, are intended third party beneficiaries of Employee's covenants and promises in this Agreement, and have enforceable rights and remedies under this Agreement.

7.2 **Waiver.** No waiver of any right or obligation under this Agreement will be valid unless in writing and signed by an authorized officer of Amazon. No waiver by Amazon of any breach of this Agreement will be a waiver of any preceding or succeeding breach. No waiver by Amazon of any right or obligation under this Agreement will be construed as a waiver of any other right or obligation. Amazon will not be required to give prior notice to enforce strict adherence to all terms of this Agreement.

7.3 **Governing Law and Jurisdiction.** This Agreement will be governed by and construed in accordance with the laws of the state in which Employee's employment with Employer was based at the time Employee signed this Agreement or, if signed in connection with a move to a new base after inception of employment, in accordance with the laws of the state where the new base is located. Each party irrevocably consents to exclusive jurisdiction and venue in the state and federal courts located in King County, Washington with respect to any action, claim, or proceeding arising out of or in connection with this Agreement, with the exception of requests for temporary or preliminary injunctive relief, which may be sought in any appropriate court with jurisdiction, but only if such relief could not be issued and made immediately binding against the party


DOE_010

sought to be enjoined by the state and federal courts located in King County, Washington.

7.4 **Remedies.** Any breach of this Agreement may cause Amazon irreparable harm for which there is no adequate remedy at law. As a result, Amazon will be entitled to the issuance by a court of competent jurisdiction of an injunction, restraining order, or other equitable relief in favor of itself, without the necessity of posting a bond, restraining Employee from committing or continuing to commit any such violation. Any right to obtain an injunction, restraining order, or other equitable relief under this Agreement will not be considered a waiver of any right to assert any other remedy Amazon may have at law or in equity. Nothing in this Agreement will limit the remedies available to Amazon. The restrictions in this Agreement are independent of any other provision of this Agreement and will be enforceable whether or not Employee may have or purport to have any claim against Amazon.

7.5 **Modification of Restrictions; Severability.** Should a court of competent jurisdiction find that any provision of this Agreement, or compliance by any of the parties with any provision of this Agreement, is unlawful or unenforceable, such provision will be treated as narrowed to the extent required to make it lawful and enforceable. If such modification is not possible, the unlawful or unenforceable provision will be severed from the Agreement and the remaining provisions will remain in full force and effect to the maximum extent consistent with applicable law. If Employee breaches any post-employment obligations to Amazon set forth in Section 4 of this Agreement, the applicable duration of such obligation will be extended by a period of no less than the duration of the breaching conduct. This Agreement should be interpreted in a way that provides the maximum protection to Amazon's Confidential Information and other business interests, and should not be interpreted against any party as its drafter.

7.6 **Survival of Covenants.** The covenants and promises contained in Sections 3 through 7 of this Agreement will survive after the Separation Date.

7.7 **Assignment.** This Agreement will bind and inure to the benefit of Employee and Amazon, and their respective heirs, legal representatives, and permitted successors and assigns. The covenants and promises of Employee under this Agreement are unique and personal. Accordingly, Employee may not assign any of Employee's rights or duties under this Agreement. Amazon.com, Inc. may assign this Agreement, without notice to Employee. Employee consents to such assignment and agrees and


DOE_011

acknowledges that all terms and conditions of this Agreement will remain in effect after any such assignment.

7.8 **Entire Agreement.** This Agreement contains the entire understanding between Employee and Amazon with respect to the subject matter of this Agreement, with the exception of any existing obligations Employee may have to Amazon under any other written, executed agreement(s), which obligations remain in full force and effect. No modification of or amendment to this Agreement (except by a court under Section 7.5) will be effective unless in writing and signed by both Employee and an authorized officer of Amazon.com, Inc.

7.9 **Counterparts.** This Agreement may be executed in one or more counterparts, each of which will be treated as an original, but all of which taken together will be treated as one and the same instrument.

8. **EMPLOYEE REPRESENTATIONS REGARDING EXISTING OBLIGATIONS.** Employee represents and certifies as follows: (a) Employee is not in possession or control of any document or other tangible thing that in any way constitutes confidential, proprietary, or trade secret information of any third party (including any former employer); (b) Employee is not subject to a non-competition agreement that precludes Employee's work for Amazon; (c) Employee has identified all confidentiality, proprietary information, non-solicitation, or similar agreements or obligations Employee has with any third party, and Employee will not violate any such agreements or obligations in the course of Employee's work for Amazon; and (d) Employee will not use or disclose any tangible or intangible information that constitutes a trade secret of any third party (including any former employer) in the course of Employee's employment, except pursuant to written authorization to do so (e.g., a technology license between Amazon and the third party).

9. **EMPLOYEE HAS READ AND UNDERSTOOD THE TERMS OF THIS AGREEMENT; RIGHT TO SEPARATE COUNSEL.** Employee acknowledges with execution of this Agreement that: (a) Employee has carefully read all of this Agreement's terms and agrees they are necessary for the reasonable protection of the business of Employer and Amazon; (b) Employer has been induced to employ Employee by Employee's representation that Employee will abide by and be bound by each of the covenants and restraints in this Agreement; and (c) each and every covenant and restraint in this Agreement is reasonable. Employee acknowledges that Employee has been advised by Amazon that Employee is entitled to have this Agreement reviewed by counsel of Employee's choice, and has either done so or elected to forgo such right.


DOE_012

US Exempt Standard Updated 2024

2024-05-06T20:01:54.219Z-de248fdc-07dd-44c5-be6e-68dfb0d8a3f5



DOE_013