SUTTON SACHS MEYER

SUTTON SACHS MEYER PLLC
125 Park Avenue, 25th Floor, New York, NY 10017
tel: (212) 480-4350 | fax: (212) 480-4351 | www.ssm.law

September 10, 2026

**VIA ECF**
The Assigned District Judge
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Doe v. Amazon.com Services LLC*, No. 26-cv-07912; Letter-Motion to File Under Seal

Dear Assigned District Judge:

We represent Plaintiff Jane Doe in this action. Pursuant to Section 6 of this District's ECF Rules and Instructions and Your Honor's Individual Practices, we write to request leave to file under seal: (1) the unredacted version of the Declaration of Jane Doe submitted in support of Plaintiff's contemporaneously filed Motion for Leave to Proceed Under a Pseudonym, with unredacted copies of its Exhibits B and C; (2) Exhibits A, D, and E to that declaration in their entirety: Exhibit A consists of captures of the anonymous website that is the instrument of the harassment campaign described in the motion, Exhibit D consists of the certified records of Plaintiff's 2021-2025 psychiatric treatment, and Exhibit E consists of the physician statements completed for her 2025 medical leave; (3) unredacted copies of Exhibits A through F to the Complaint, which are filed publicly with Plaintiff's name and contact information redacted; and (4) the Declaration of Ali R. Jaffery, which identifies Plaintiff to the Court. A redacted public version of the Declaration of Jane Doe and redacted public versions of the exhibits to the Complaint are filed on the public docket; they redact only Plaintiff's name, signature, and directly identifying details. The Declaration of Dr. Sandeep Shah, Plaintiff's treating psychiatrist, refers to Plaintiff only as "Jane Doe" and is filed publicly as executed.

The documents are judicial documents, so we address the three-step framework of *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The weight of the access presumption as to the redacted material, Plaintiff's identity, is modest: the substance of the declarations and exhibits is public, and only identity is withheld. See *Doe v. Cigna Health & Life Ins. Co.*, 2026 WL 21823, at *1 n.1 (S.D.N.Y. Jan. 2, 2026) (unredacted identity declaration filed under seal in support of pseudonym motion). Exhibits A, D, and E stand differently, and we ask that the Court seal them in full. Exhibit A is the harassing and sexualized material itself. Redaction cannot separate it from Plaintiff's identity, because the material is about her, and its public filing would republish it on a permanent federal docket. Exhibit D consists of psychiatric treatment notes spanning four years, and Exhibit E consists of the physician statements her psychiatrist completed for her 2025 medical leave. Those are medical records of the kind for which courts recognize the

strongest privacy interest, and the Memorandum of Law describes publicly everything in them on which the motion relies. See *United States v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995) (countervailing factors include the privacy interests of those resisting disclosure, weighed by the degree to which the subject matter is traditionally private and the nature and degree of the injury from disclosure). The countervailing interests here are the privacy and safety interests that are the subject of the underlying motion: Plaintiff's stigmatized psychiatric history, her reported suicidality, and the risk that an active harassment campaign will exploit a public record of her identity. Sealing is narrowly tailored. It extends to Plaintiff's identity, to the harassing material, and to the medical records themselves, and only for so long as Plaintiff is permitted to proceed pseudonymously.

Should the Court deny the accompanying pseudonym motion, we respectfully request that these materials remain under seal (or be returned) pending Plaintiff's decision whether to proceed in her own name.

We thank the Court for its consideration.

Respectfully submitted,

Ali Jaffery